IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES RAWLINGS

    Plaintiff

v                                               Civil Case No. L-10-2077

CITY OF BALTIMORE, MAYOR AND
CITY COUNCIL, DEPT. OF PUBLIC
WORKS

    Defendant

o0o
**MEMORANDUM**

This is an employment discrimination case. The Plaintiff, Charles Rawlings, brings suit pro se against the Mayor and City Council of the City of Baltimore ("the City"),[1] alleging violations of Title VII of the Civil Rights Act, Title I of the Americans with Disabilities Act, and the Rehabilitation Act of 1973. Now pending are the City's Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket No. 5) and Rawlings's Motion for Leave to File an Amended Complaint (Docket No. 14). The Court has reviewed the papers, and no hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2010).

For the reasons stated herein, the Court will GRANT the City's Motion to Dismiss, and DENY Rawlings's Motion to Amend.

---

[1] As the City properly points out, the action is nominally brought against "City of Baltimore Mayor and the City Council Dept. of Public Works," which is not a legal entity subject to suit. The Court will construe the Complaint as naming the proper entity, the Mayor and City Council of Baltimore, which is a municipal corporation that may sue and be sued.

I.      FACTUAL BACKGROUND

Rawlings, an African American, claims a long history of discrimination and failure to accommodate during his 17-year employment with the Baltimore City Department of Public Works, culminating with his termination on May 11, 2006. He alleges that he and others similarly situated were subject to racial abuse and ridicule, and were passed over for job training, reassignment, and promotion in favor of white co-workers. He also alleges that the City assigned him to a laborer's position notwithstanding his qualification for more highly skilled posts and the fact that a prior injury left him unable to perform heavy manual labor. According to Rawlings, this unfitness for duty was the proffered basis for the City's eventual decision to fire him.

The Complaint indicates that Rawlings filed a charge with the EEOC on March 30, 2007 and received a right-to-sue letter on April 6, 2010. On July 28, 2010, Rawlings instituted suit in this Court, claiming violations of Title VII of the Civil Rights Act, the Rehabilitation Act, and the Americans with Disabilities Act. On October 6, 2010, the City filed the instant Motion to Dismiss or, in the alternative, for Summary Judgment. On November 24, 2010, Rawlings responded to the City's Motion and also filed a Motion seeking leave to amend his Complaint. The Amended Complaint would "add counts for racial discrimination and violations of equal protection and due process in pay, promotions, job training and reassignment, and termination, under 42 USC 1981, 1983 and 1985, and intentional infliction of mental [sic]." Pl.'s Mt. to Amend 1–2, Docket No. 14.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III. DISCUSSION

Because the Court finds that both Rawlings's filing with the EEOC and the filing of the Complaint in this case were untimely, his suit must be dismissed.

A plaintiff bringing suit under Title VII and the ADA must first timely file a charge of discrimination with the EEOC or a state fair employment practices agency. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C.A. § 2000e-5(f)(1)). In Maryland, the charge must be filed within 300 days of the alleged discriminatory act. See id. Likewise, the Rehabilitation Act expressly incorporates the "remedies, procedures and rights" of Title VII. See 29 U.S.C. § 794(a)(1). Among the incorporated remedies and procedures is the requirement that an aggrieved employee exhaust his available administrative remedies prior to filing suit in federal court. The time period for filing an EEOC charge commences at the time the decision to terminate is made. See Delaware State College v. Ricks, 449 U.S. 250, 258–59 (1980).

Rawlings was advised by letter dated April 19, 2006 that, because his application for disability retirement and the ensuing appeal had been denied, he was officially being recommended for termination. Def.'s Mt. to Dismiss Ex. 4, Docket No. 5. Rawlings was, therefore, required to file a complaint with the EEOC on or before February 13, 2007, the 300th day after learning of the decision to terminate his employment. Rawlings states, however, that he did not file his charge until March 30, 2007, one and a half months after this deadline.[2] Pl.'s Compl. 3, Docket No. 1.

Rawlings's failure to submit a charge to the EEOC within the 300-day window, without more, requires the dismissal of his claims. Even if Rawlings's charge had been timely filed, however, his Complaint in this action was not. A plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f). Rawlings asserts that he received his right-to-sue letter, dated April 6, 2010, on April 28, 2010. He did not file suit until July 28, 2010, the 91st day after receipt. See Pl.'s Compl. 3, Docket No 1; Def.'s Mt. to Dismiss Ex. 8, Docket No. 5.

**a. Equitable Tolling**

Rawlings does not dispute that his filings were untimely. Rather, he requests that the Court consider his particular circumstances and apply the doctrine of equitable tolling, thus excusing his noncompliance with the filing deadlines. Rawlings sets forth a number of sympathetic circumstances, including psychological treatment, financial distress, and woefully incompetent legal representation. The Court is sensitive to the myriad difficulties that Rawlings has encountered. Nevertheless, the law does not permit equitable tolling on facts such as those presented here.

---

[2] Even if the 300-day period did not begin until the date of actual termination, Rawlings's filing would still be untimely by some three weeks. Rawlings's termination became effective on May 11, 2006, meaning that the charge would be due on or before March 7, 2007.

4

A total failure to comply with the available administrative remedies serves as a jurisdictional bar to a suit in this Court; however, failure to timely comply with the available administrative remedies requires a separate analysis. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 111 (1990). Generally, when an employee fails to timely submit his administrative complaint, the failure is forgiven only if (1) the government should be equitably estopped from asserting the time bar, (2) the time for filing should be equitably tolled, or (3) plaintiff did not know about the time requirement. Nealon v. Stone, 958 F.2d 584, 589 (4th Cir. 1992). "[T]he doctrines of equitable tolling and equitable estoppel have a common origin; they are based primarily on the view that a defendant should not be permitted to escape liability by engaging in conduct that prevents the plaintiff from filing his or her claim on time." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). "The common element to both doctrines is some form of misconduct by the defendant." Lekas v. United Airlines, Inc., 282 F.3d 296, 301 (4th Cir. 2002). Equitable tolling may also apply where plaintiff has been "excusably ignorant of filing requirements." Lane v. Wal-Mart Stores East, Inc., 69 F. Supp. 2d 749, 754 (D. Md. 1999).

Rawlings states that he retained an attorney to protect his interests even before his actual termination, but that the attorney misled him on the subject of legal fees and convinced him to abandon a potentially meritorious appeal. Rawlings claims that a second attorney, retained to file his EEOC claim, also advised him poorly, negligently failed to file his claim on time, and even lied about the filing. See Pl.'s Opp. 5–6, Docket No. 15. Rawlings further states that he was, at this time, undergoing treatment for emotional and psychological illness. Nonetheless, Rawlings acknowledges that his attorney "was well aware of all dates required to make a timely filing with the EEOC." Id. at 6. At no point does he advance allegations of deception or

5

misconduct on the part of either his employer or the Government. As such, his failure to timely exhaust his administrative remedies may not be excused.

For much the same reason, neither could the Court overlook Rawlings's untimely filing of the instant civil action. Courts in the Fourth Circuit have held that, under most circumstances, a suit filed even a single day late should not be entertained. See Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Roberson v. Bowie State Univ., 899 F. Supp. 235, 238–39 (D. Md. 1995). In Harvey, the Fourth Circuit adopted the "flexible approach" then in place in the Fifth and Eleventh Circuits, holding that "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." 813 F.2d at 654. Though the Court should examine each case on its individual circumstances, the bar for relief is a high one. The Harvey court cited by way of example Franks v. Bowman Transportation, 495 F.2d 398 (5th Cir. 1974), in which the claimant's nine-year-old nephew received and promptly lost the notice mailed by the EEOC, and never told the claimant about it. Under these circumstances, the Fifth Circuit found that the filing period should be tolled. By contrast, where there has been no showing that the plaintiff did not have sufficient time in which to act, the 90-day filing period is strictly enforced. Harvey, 813 F.2d at 654.

Rawlings states that he failed to file his Complaint on time because he had difficulty reacquiring his file from the attorney he had previously discharged, and that other attorneys whom he attempted to hire unreasonably delayed before telling him that they would not take his case. He also notes that during this period his mother passed away, and that he faced severe financial distress, including the forced sale of his home and car. While such a state of affairs is undoubtedly regrettable, it is undisputed that Rawlings had the full 90 days' notice prescribed by

the law in which to file his complaint. The Supreme Court has admonished that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (declining to apply equitable tolling where the plaintiff, while claiming she had acted diligently, was fully aware of the 90-day filing period).

This is not a case in which the plaintiff was excusably unaware of the requirements for filing suit, nor even a case where he mistakenly believed that he had complied with them. Equitable tolling of the deadline, therefore, is not an option. While this result may seem harsh, "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

**b. Motion to Amend**

Rawlings has filed a Motion to Amend his Complaint in order to set forth more fully his Title VII and ADA claims. The Amended Complaint would also add counts under 42 USC §§ 1981, 1983, and 1985. Rule 15 of the Federal Rules of Civil Procedure states that freedom to amend pleadings should be liberally granted when justice so requires. A court should deny leave to amend, however, when the proposed amendments would be futile, that is, where they would not survive a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

A more structured and eloquent explication of Rawlings's discrimination claims would do nothing to cure the procedural defects in his case. Likewise, his proposed 1981, 1983, and 1985 claims would be barred by Maryland's three-year statute of limitations. See Shield Our Constitutional Rights and Justice v. Hicks, No. DKC 09-0940, 2009 WL 3747199 at *6 (D. Md.

7

Nov. 4, 2009) (explaining that the Reconstruction Civil Rights Acts do not provide a statute of limitations, but require courts to borrow the statue of limitations from the state in which the claims arose, and applying Maryland's three-year limitations period to § 1981, § 1983, and § 1985 claims). The latest date at which Rawlings's claims can be said to have accrued is May 11, 2006, the date of his termination. Because Rawlings did not bring suit until July 28, 2010, more than three years after this date, any claims under § 1981, § 1983, or § 1985 would also be time-barred.

Because amendment of his Complaint would be futile, leave to file such an amendment must be denied.

### IV. CONCLUSION

For the reasons stated above, the Court will, by separate Order of even date, GRANT the City's Motion to Dismiss (Docket No. 5), DENY Rawlings's Motion for leave to Amend (Docket No. 14), and order the Clerk to CLOSE the case.

Dated this 12th day of April, 2011.

/s/
_____
Benson Everett Legg
United States District Judge